**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - -X
ERIC MENDEZ,                     :
                                 :
                    Petitioner,  :
                                 :
     -against-                   :
                                 :
                                 :   94 Cr. 466 (JFK)
                                 :   99 Civ. 3496 (JFK)
                                 :   **OPINION and ORDER**
UNITED STATES OF AMERICA,        :
                                 :
                    Respondent.  :
- - - - - - - - - - - - - - - - -X

**JOHN F. KEENAN, United States District Judge**

      Before the Court is the Government's motion to dismiss Petitioner pro se Eric Mendez's ("Mendez") Civil Complaint for Equitable Relief or Damages ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion is granted.

**BACKGROUND**

      The Court gave a detailed recitation of the facts in its prior Order concerning Mendez's Fed. R. Crim. P. 41(g) motion for return of his missing property. See Mendez v. United States, No. 94 Cr. 466(JFK), 99 Civ. 3496(JFK), 2003 WL 21673616 at *1-2 (S.D.N.Y. July 16, 2003). Familiarity with these facts is assumed. In the previous Order, the Court granted Mendez's motion in part and directed the return of photographs and miscellaneous documents seized from his dresser and closet. Id. at *3. These items appeared in the Return on the search warrant

1

for Mendez's apartment, completed by DEA Agent Robert Patterson, who participated in the June 18, 1995 search of the apartment. (Penn Decl., Exh. B).

On July 23, 2004, Assistant United States Attorney Sharon McCarthy advised the Court of the Government's inability to locate any of the items in question, despite an exhaustive search. (Penn Decl., Exh. C). Along with her letter, Ms. McCarthy submitted her own affirmation and the affidavit of Mitchell Lustgarden, Records Manager for the United States Attorney's Office for the Southern District of New York. In her affirmation, Ms. McCarthy stated that DEA Agent Patterson had informed her that the DEA was no longer in possession of any evidence related to Mendez's case and that all non-contraband evidence had been turned over to the United States Attorney's Office. (Id.). Ms. McCarthy then recounted her own unsuccessful efforts to locate the property within the United States Attorney's Office. (Id.). Mr. Lustgarden also detailed his efforts to search for Mendez's property and stated that he was unable to locate any files or records relating to Mendez. (Id.).

On September 21, 2004, Mendez filed his Complaint, which seeks "equitable relief or money damages in the amount of ten thousand dollars ($10,000) for all the property listed on the search warrant return." (Compl. at 3). The Government moves to dismiss on sovereign immunity grounds.

2

## DISCUSSION

On a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court assumes the truth of all factual allegations in the complaint. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "But, when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. The plaintiff has "the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks omitted).

The Court notes at the outset that Mendez, in a sense, is taking a second bite at the apple. Although his prior motion was brought under Fed. R. Crim. P. 41(g), the Court treated it as a civil complaint for equitable relief because the criminal case already had concluded. Mendez, 2003 WL 21673616 at *2. The Court ordered the Government to return certain property and directed that the case be closed. Now Mendez has filed another Complaint for equitable relief under the same docket number. This Complaint seeks $10,000 in damages in addition to the return of his property. Mindful of Mendez's pro se status, the Court will provide analysis of why the Complaint must be dismissed.

3

The principles of sovereign immunity mandate that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Congressional waiver of sovereign immunity must be express and unequivocal. See United States v. Nordic Vill. Inc., 503 U.S. 30, 33-34 (1992). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). For Mendez's Complaint to survive dismissal, there must be an unequivocal Congressional waiver of sovereign jurisdiction. As Mendez is proceeding pro se, the Court will look to any method by which he might show jurisdiction over his claim.

The first possibility is Fed. R. Crim. P. 41(g). This Rule, however, is not applicable after conclusion of the underlying criminal case. In any event, the Second Circuit limited the Court's Rule 41(g) equitable power in a ruling last year. The Circuit held that "Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004). While the district courts maintain equitable jurisdiction to order the return of property (as this Court has done), the district courts no longer may order

4

the United States to pay damages when the property is unavailable for return under Rule 41(g). See id.

Next is the Administrative Procedure Act ("APA"), cited by Mendez. In the APA, Congress waived sovereign immunity with respect to actions "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. There are exceptions to this waiver, for instance when "(i) the action also seeks monetary relief; (ii) there is an adequate remedy at law; or (iii) the action is precluded from judicial review by statute or committed by law to agency discretion." Polanco v. DEA, 158 F.3d 647, 652 (2d Cir. 1998). Mendez's claim fits within exception (i) because the Complaint seeks $10,000 in monetary damages, and exception (ii) because Mendez already filed a motion for return of his property under Rule 41(g). Practically speaking, the APA is of no help to Mendez because it does not permit the Court to order any relief over and above the Court's prior Rule 41(g) Order.

The Federal Tort Claims Act ("FTCA") also avails Mendez naught. The FTCA specifically excepts from its waiver of sovereign immunity "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). The Government urges that "DEA

5

agents have been included as 'law enforcement officers' in this Circuit." (Gov't Reply Br. at 8). Neither the Supreme Court nor the Second Circuit has conclusively defined the phrase "law enforcement officer." See Kosak v. United States, 465 U.S. 848, 852 n.6 (1984); Formula One Motors, Ltd. v. United States, 777 F.2d 822, 823-24 (2d Cir. 1985). The issue is whether the exception applies to all "law enforcement officer[s]" or only those officers in the customs or excise context.

This Court previously has found that Section 2680(c) should be interpreted broadly to encompass all law-enforcement officers. United States v. Morales, No. 02 Civ. 10326(JFK), 2003 WL 21692752 at *5 (S.D.N.Y. July 21, 2003). This view finds support among the vast majority of circuit courts that have considered the issue, see Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 806 (9th Cir. 2003) (compiling cases), as well as several district judges in this circuit. See, e.g., Schreiber v. United States, No. 96 Civ. 0122(KMW), 1997 WL 563338 at *4-7 (S.D.N.Y. Sept. 8, 1997) (Wood, J.); Garnay, Inc. v. M/V Lindo Maersk, 816 F. Supp. 888, 897 (S.D.N.Y. 1993) (Haight, J.). For the reasons stated in the foregoing cases, the Court adheres to the majority view. The DEA agents who confiscated Mendez's

property fall within the 28 U.S.C. § 2680(c) "law enforcement officer" exception to the FTCA's waiver of sovereign immunity.[1]

Mendez also invokes the Tucker Act. This 1887 statute extended the jurisdiction of the Court of Federal Claims to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491; see 14 Wright & Miller, Federal Practice & Procedure § 3657 (3d ed. 1998). The district courts have concurrent jurisdiction for any such claims not exceeding $10,000. 28 U.S.C. § 1346(a)(2).

The Tucker Act authorizes suits against the United States for money damages, but the statute creates no substantive rights enforceable against the United States. Mitchell, 463 U.S. at 216. Rather, "[a] substantive right must be found in some other source of law," as enumerated in the statute. Id. For example, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971),

---

[1] The United States may be sued for injury or loss of property in law enforcement custody when that "property was seized for the purpose of forfeiture." 28 U.S.C. § 2680(c)(1). Here, Mendez cannot show that the subject property was seized for the purpose of forfeiture. As set forth in the November 6, 1998 letter from Assistant United States Attorney Alexandra Shapiro, the Government classified the photos as "evidence." (Penn Decl. Exh. A). Accordingly, 28 U.S.C. § 2680(c)(1) does not apply.

7

gave an individual injured by a federal agent's alleged violation of the Fourth Amendment the right to bring an action against that agent for damages. Id. at 397. While a Bivens action alleging a violation of the Fifth Amendment's Due Process Clause sometimes may be appropriate, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), the Supreme Court has refused to extend Bivens to actions directly against federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994). Accordingly, Mendez may not premise any Tucker Act claim for monetary damages against the DEA on a deprivation of his due process under the Fifth Amendment.

Another possibility involves 41 C.F.R. § 128-50.101, a DEA regulation cited by Mendez in his Complaint and opposition papers. This regulation provides:

> Each bureau shall be responsible for establishing and maintaining inventory records of its seized personal property to ensure that:
> (a) The date the property was seized is recorded;
> (b) All of the property associated with a case is recorded together under the case name and number;
> (c) The location of storage of the property is recorded;
> (d) A well documented chain of custody is kept; and
> (e) All information in the inventory records is accurate and current.

41 C.F.R. § 128-50.101 (2005). Mendez appears to rely on this regulation to bring his claim within the "regulation of an executive department" clause of the Tucker Act.

While the Second Circuit has reversed denials of Rule 41(g) motions to return property when the Government failed to comply with 41 C.F.R. § 128-50.101, <u>Rufu v. United States</u>, 20 F.3d 63, 65-66 (2d Cir. 1994); <u>Mora v. United States</u>, 955 F.2d 156, 158 (2d Cir. 1992), "[n]ot every claim invoking . . . a regulation is cognizable under the Tucker Act." <u>Mitchell</u>, 463 U.S. at 216. Mendez "must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." <u>Id.</u> at 216-17 (internal quotation marks omitted). Mendez has not so demonstrated, and the Court finds no authority for reading 41 C.F.R. § 128-50.101 as mandating compensation for his lost property. With no independent source of substantive law, Mendez has no Tucker Act claim.

Ultimately, the Court already has done what it could. The prior Rule 41(g) Order requires the return of Mendez's photographs and miscellaneous documents. Under <u>Adeleke</u>, cited <u>supra</u> at p. 4, the Court no longer may use its equitable jurisdiction to order the Government to pay monetary damages for the loss of Mendez's property. The Government has submitted affidavits and letters detailing its diligent efforts to locate Mendez's property since that Order. If the property <u>is</u> found, the Government must return it, per the Court's prior Order.

9

Finally, Mendez's request for a reduction of his sentence as equitable relief for the loss of his property is denied. The proper vehicle for a federal prisoner to seek modification of his sentence is a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Mendez already moved unsuccessfully for this relief. See Mendez v. United States, No. 94 Cr. 466(JFK), 99 Civ. 3496(JFK), 2002 WL 1402321 (S.D.N.Y. June 28, 2002).

## CONCLUSION

The sovereign immunity of the United States deprives this Court of subject matter jurisdiction over Mendez's Complaint. The Government's motion to dismiss is granted. The case remains closed.

**SO ORDERED.**

Dated: **New York, New York**
       **May 18, 2005**

*[signature]*
**JOHN F. KEENAN**
**United States District Judge**